# JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division (the "District Court"), Plaintiff Virginia Barnes, individually and on behalf of all Plaintiffs, and Defendants Progressive Casualty Insurance Company, Progressive Northern Insurance Company, and Drive Insurance Holdings, Inc. ("Progressive"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1.      "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division, entitled *Barnes v. The Progressive Corporation, et al.*, Case No. 1:17-cv-00865, asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

2.      "Plaintiffs' Counsel" shall mean Molly Nephew and Jacob Rusch of Johnson Becker, PLLC.

3.      "Representative Plaintiff" shall mean Virginia Barnes.

4.      "Plaintiffs" shall include Representative Plaintiff and the Opt-In Party Plaintiffs listed in Appendix 1.

5.      "Defendants" shall mean Progressive Casualty Insurance Company, Progressive Northern Insurance Company, and Drive Insurance Holdings, Inc.

6.      "Parties" shall mean Plaintiffs and Defendants, and "Party" shall mean any one of the Parties.

7.      "Released Period" for Representative Plaintiff shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court gives approval of the Settlement, and for the other Plaintiffs shall mean the period of three years prior to the date each Plaintiff opted into the Action through and including the date on which the Court gives approval of the Settlement.

8.      "Final" shall mean the date the District Court has approved the Settlement.

9.      "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10.      On April 21, 2017, Plaintiff Virginia Barnes commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.  On July 5, 2017, Plaintiff Virginia Barnes filed an Amended Complaint on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

11. In the Action, Plaintiff alleged that Defendants violated the overtime provisions of the FLSA by failing to pay Plaintiff and other similarly-situated employees for computer boot-up and boot-down time.

12. Defendants deny any liability or wrongdoing of any kind and have asserted that Plaintiffs recorded their own time, were directed to record all hours worked, and did so, as well as other defenses. Moreover, Progressive Corporation did not employ Representative Plaintiff or any Opt-In Party and was improperly named as a defendant in the Action.

13. The Parties agree that bona fide disputes exist between the Parties, including whether Representative Plaintiff and Opt-In Party Plaintiffs were entitled to their claimed overtime compensation under the FLSA.

14. The Parties reached the proposed Settlement in this matter after extensive good faith bargaining, the deposition of Virginia Barnes and the exchange of information. On November 15, 2017, during a settlement conference with the Court, the Parties reached agreement to settle the Action on the terms set forth in this Settlement.

15. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiffs' claims against Defendants, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay and Defendants' defenses to the claims asserted.

16. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiffs' claims in the Action have merit or that Defendants have any liability to Plaintiffs on those claims, as further described in paragraph 34, below.

## SETTLEMENT PAYMENTS

17. **Total Settlement Amount:** Defendants will pay in connection with the Settlement a Total Settlement Amount of $46,000.00 ("Total Settlement Amount") to resolve the Action and any claim described in the Release of Claims contained in paragraph 23, below, which sum will cover: (a) all of the Individual Payments to Plaintiffs; (b) Representative Plaintiff's Class Representative Payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses. The Total Settlement Amount shall not exceed $46,000.00.

The Total Settlement Amount is inclusive of all attorneys' fees and costs and shall cover, resolve, and fully satisfy any and all amounts due under this Settlement and/or claimed in the Action, including: (1) payments to be paid to Plaintiffs in settlement of all claims related in any way to the Action for the Released Period upon final approval by the Court; (2) attorneys' fees and costs approved by the Court; and (3) Court-approved service payment. The Parties will each

bear their own costs of administering the settlement described in paragraph 30.  In the event that this Settlement is canceled, rescinded, terminated, voided, nullified or not approved, however that may occur, or the Settlement is barred by operation of law, invalidated, not approved, or ordered not to be carried out by a court of competent jurisdiction, Defendants shall have no obligation to pay any of the Settlement Amount.  Under no circumstances whatsoever will Defendants be obligated to pay any amounts under this Settlement without court approval nor will Defendants' obligations under this Settlement exceed the Total Settlement Amount under any circumstances.

18.     **Payments to Plaintiffs**: $16,000 of the Total Settlement Amount will be paid to Plaintiffs in the individual amounts provided in Appendix 1 ("Individual Payments").

19.     **Calculation of Individual Payments**: The Individual Payments, after deduction of the Class Representative Payment and Plaintiffs' Counsel's attorneys' fees and expenses from the Total Settlement Amount, have been calculated by Plaintiffs' Counsel, and are based on the number of shifts Plaintiffs worked during the relevant period. Individual Payments will not be used toward calculation or entitlement to any Progressive employment benefit, including but not limited to Gainsharing benefits.

20.     **Treatment of Plaintiffs' Settlement Payments**: Each Plaintiff's Individual Payment will be treated as payment in settlement of a wage claim.  Defendants will determine the proper tax withholding amounts in accordance with Plaintiffs' previously elected wage withholding instructions.  Defendants will report the wage Individual Payments on IRS Forms W-2.  Defendants are responsible for payment of the employer's share of payroll taxes as required by law.

21.     **Class Representative Payment**: $5,000 will be paid to Representative Plaintiff Virginia Barnes as Class Representative in exchange for executing a full mutual release of all claims that she may have against Defendants (proposed and attached to the Settlement as Appendix 2), in addition to the Individual Payments that she otherwise will receive as Plaintiff. Defendants will determine the proper tax withholding amounts in accordance with Plaintiffs' previously elected wage withholding instructions and will report the Class Representative Payment on IRS Form W-2.

22.     **Plaintiffs' Counsel's Attorneys' Fees and Expenses**: $25,000 of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses incurred in the Action.  Defendants will issue to Plaintiffs' Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

23.     **Released Claims**: As of the date of Court approval of this settlement, Plaintiffs, in addition to any release they may previously have executed, forever and fully release Defendants and any current or former related entity, including but not limited to Progressive Casualty Insurance Company and Progressive RSC, Inc., together with all of their current or former owners, stockholders, predecessors, successors, assigns, parents, subsidiaries, affiliates,

partners, joint ventures and investors, and their respective agents, directors, officers, employees, shareholders, executives, counsel, members, insurers, fiduciaries, representatives, attorneys and benefit plans (collectively, the "Released Parties"), from any and all claims for unpaid wages, compensation or overtime or related damages, including but not limited to (1) all claims asserted in the Action; (2) any and all claims for unpaid wages, unpaid overtime compensation, or liquidated damages pursuant to the FLSA and/or Ohio Minimum Fair Wage Standards Act; (3) all claims relating to the alleged unpaid computer boot-up and boot-down time; (4) interest on the previously-described overtime or other unpaid wages; (5) liquidated and/or any other form of punitive damages; (6) attorneys' fees; (7) injunctive relief based on the alleged failure to pay wages or overtime wages to Plaintiffs; and (8) any other claim, cause of action, suit, lien, demand, damage (including but not limited to claims of unpaid wages or compensation, unpaid overtime, liquidated damages, punitive damages, interest, attorneys' fees or penalties), relating to the alleged failure to pay wages or overtime wages for time worked.

24.     **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action.  In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

25.     **Effect of Final Judgment.** The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

26.     **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

27.     **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.  Similarly, because the Parties are settling an FLSA collective action, not a class action, they believe that the Settlement is not subject to the Class Action Fairness Act, 28 U.S.C. § 1715, and will ask the Court to declare so as well.

28.     **Joint Motion for Approval of Settlement:** On or before December 15, 2017, the Parties will jointly move the District Court for entry of an order, proposed and attached to the Settlement as Appendix 3, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

29.     **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, providing that the Settlement is fair, adequate, reasonable, and not subject to CAFA, the Action shall be dismissed with prejudice, waiving all rights of appeal, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

30. **Distribution Process:** Assuming that there has been no appeal, Defendants will pay the Individual Payments to Individual Plaintiffs via direct deposit to the Individual Plaintiffs' last known bank account; the Class Representative Payment to Representative Plaintiff via direct deposit; and the attorneys' fees and expenses to Plaintiffs' Counsel via hard copy check, within thirty (30) calendar days after the District Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice. If any Individual Payments to Individual Plaintiffs are returned as undeliverable, Defendants will mail the Individual Payment directly to the Individual Plaintiff(s) via a hard copy check. If the hard copy check is also returned as undeliverable, Defendants will notify Plaintiffs' Counsel and will reissue the checks upon receipt of an updated address from Plaintiffs' Counsel. Any checks that are uncashed 6 months after the initial distribution will be void and the amounts will revert back to Defendants.

## PARTIES' AUTHORITY

31. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

32. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

33. The Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

34. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants. In particular, the Settlement shall not be construed as an admission by Defendants that (a) Plaintiffs or others did work time "off the clock" without proper compensation; (b) they permitted Plaintiffs or others to work without proper compensation; (c) they or any of the Released Parties were or should have been aware of and such work and/or (d) any of their policies or procedures resulted in the failure to pay for any time worked by any employee. Moreover, nothing in this Settlement shall be construed or deemed as waiver as to the enforceability of Defendants' arbitration agreements.

Defendants expressly deny Plaintiffs' allegations and have agreed to the Settlement solely to avoid the burden of protracted litigation.

## CONSTRUCTION

35.    The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

36.    This Settlement may not be changed, altered or modified, except in a writing of later date signed by the Parties and approved by the District Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

37.    This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, including the Settlement and Release Agreement between Representative Plaintiff and Defendants, are merged into this Settlement. This clause does not, however, supersede the terms of any separation agreement, release, or arbitration agreement entered into by any Plaintiff.

## BINDING ON ASSIGNS

38.    This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

39.    This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

40.    If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

41.    The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

## CLASS COUNSEL SIGNATORIES

42.    Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf of the other Plaintiffs.  It is agreed that it is burdensome to have all of the Plaintiffs execute this Settlement.  Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including entering into a settlement agreement with Defendants.  This Settlement shall have the same force and effect as if each Plaintiff executed this Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____        VIRGINIA BARNES


                                _____
                                Representative Plaintiff, Individually
                                 and on Behalf of all Plaintiffs



Dated: _____        PROGRESSIVE CASUALTY INSURANCE COMPANY


                                By: _____

                                Its: _____



Dated: _____        MOLLY NEPHEW
                                JOHNSON BECKER, PLLC


                                _____
                                Attorney for Plaintiffs

8

Dated: _____     GREGORY V. MERSOL
                                BAKER & HOSTETLER LLP


_____
Attorney for Defendants

# APPENDIX 1

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | NAME | Relevant Shifts | Prorated Portion Based upon Shifts Worked | Settlement Amount | | Settlement Funds |
| 2 | Foster,Anna L | 8 | 0.00071518 | $11.44 | Total | $46,000.00 |
| 3 | Smith,Melony A | 17 | 0.001519757 | $24.32 | Attorney Fees & Costs | $25,000.00 |
| 4 | Magyar,Jennifer m | 40 | 0.003575898 | $57.21 | Incentive | $5,000.00 |
| 5 | Robinson,Sharee | 40 | 0.003575898 | $57.21 | Damages | $16,000.00 |
| 6 | Ronny,William | 59 | 0.00527445 | $84.39 | | |
| 7 | Royston,Dwayne A | 100 | 0.008939746 | $143.04 | | |
| 8 | Manzo,Trina M | 29 | 0.002592526 | $41.48 | | |
| 9 | Kickel,Branka | 22 | 0.001966744 | $31.47 | | |
| 10 | Leach,Dorothy B | 35 | 0.003128911 | $50.06 | | |
| 11 | Ihrig,Jessica | 4 | 0.00035759 | $5.72 | | |
| 12 | Turner,Tonyetta M. | 109 | 0.009744323 | $155.91 | | |
| 13 | Stover,Stacey Melissa | 30 | 0.002681924 | $42.91 | | |
| 14 | Kellerhall,Angela Dawn | 71 | 0.00634722 | $101.56 | | |
| 15 | Porter,Yvonne Annette | 100 | 0.008939746 | $143.04 | | |
| 16 | Pytel,Karen S | 120 | 0.010727695 | $171.64 | | |
| 17 | Lemr,Heather M | 65 | 0.005810835 | $92.97 | | |
| 18 | Mosley,Romero | 86 | 0.007688182 | $123.01 | | |
| 19 | Aldridge,Monique Angelique | 69 | 0.006168425 | $98.69 | | |
| 20 | Montavon,Carrie | 32 | 0.002860719 | $45.77 | | |
| 21 | Robinson,Paul Perry | 45 | 0.004022886 | $64.37 | | |
| 22 | Hutchins,Diane N | 30 | 0.002681924 | $42.91 | | |
| 23 | Carson,Carolyn | 99 | 0.008850349 | $141.61 | | |
| 24 | Guerra,John A | 295 | 0.026372251 | $421.96 | | |
| 25 | Mitchell,Karen E | 201 | 0.01796889 | $287.50 | | |
| 26 | Labbato,Ida Lynn | 133 | 0.011889862 | $190.24 | | |
| 27 | Isra'Eel,Abeeshoo'A | 202 | 0.018058287 | $288.93 | | |
| 28 | Sabo,Mary A | 300 | 0.026819238 | $429.11 | | |
| 29 | Wesby,Quiana | 104 | 0.009297336 | $148.76 | | |
| 30 | Barnes,Virginia Janine | 35 | 0.003128911 | $50.06 | | |
| 31 | Starks,Nakisha A | 5 | 0.000446987 | $7.15 | | |
| 32 | Grand,Susan K | 22 | 0.001966744 | $31.47 | | |
| 33 | Carpenter,Chad Anthony | 14 | 0.001251564 | $20.03 | | |
| 34 | Ciacchi,Maria | 86 | 0.007688182 | $123.01 | | |
| 35 | Lillard,Timeka | 80 | 0.007151797 | $114.43 | | |
| 36 | Bowen,Matthew R. | 21 | 0.001877347 | $30.04 | | |
| 37 | Banks,Melissa D. | 13 | 0.001162167 | $18.59 | | |
| 38 | Kinsella,Thomas | 215 | 0.019220454 | $307.53 | | |
| 39 | Forbes,Brian K. | 36 | 0.003218309 | $51.49 | | |
| 40 | Jeter,Derick LeVar | 36 | 0.003218309 | $51.49 | | |
| 41 | Warren,Kadesha L. | 128 | 0.011442875 | $183.09 | | |
| 42 | Carlisle,Kendall D. | 116 | 0.010370105 | $165.92 | | |
| 43 | Love,Leah Willena | 30 | 0.002681924 | $42.91 | | |
| 44 | Daniels,Ebony | 23 | 0.002056142 | $32.90 | | |
| 45 | Carter,Tyreea P | 63 | 0.00563204 | $90.11 | | |
| 46 | Murphy,Crystal Davonna | 82 | 0.007330592 | $117.29 | | |
| 47 | Clemons,Godess | 133 | 0.011889862 | $190.24 | | |
| 48 | Bonaparte,Tatiana | 70 | 0.006257822 | $100.13 | | |
| 49 | Simon,Brenda Talley | 159 | 0.014214196 | $227.43 | | |
| 50 | Gantz,Ernestine | 25 | 0.002234937 | $35.76 | | |
| 51 | Paskell,Jeffrey | 283 | 0.025299481 | $404.79 | | |
| 52 | Wright,Marvin Louis | 272 | 0.024316109 | $389.06 | | |
| 53 | Cianfaglione,Joseph T. | 29 | 0.002592526 | $41.48 | | |
| 54 | Day,Sharde | 204 | 0.018237082 | $291.79 | | |
| 55 | Quinn,Tameka L. | 186 | 0.016627928 | $266.05 | | |
| 56 | Streeter,Quantia W | 108 | 0.009654926 | $154.48 | | |
| 57 | Buchanan,Driele Shavon | 286 | 0.025567674 | $409.08 | | |
| 58 | Bunn-Mayo,Neche D. | 5 | 0.000446987 | $7.15 | | |
| 59 | Funaro,Kelly A | 66 | 0.005900232 | $94.40 | | |
| 60 | Haggins,Josh | 41 | 0.003665296 | $58.64 | | |
| 61 | Juist,Patricia Dawn | 178 | 0.015912748 | $254.60 | | |
| 62 | Green,Tequila | 60 | 0.005363848 | $85.82 | | |
| 63 | Lynch,Terry | 371 | 0.033166458 | $530.66 | | |
| 64 | Purdy,Lyndsey | 10 | 0.000893975 | $14.30 | | |
| 65 | Amos,Michaela P. | 48 | 0.004291078 | $68.66 | | |
| 66 | Brigadier,Lindsey C | 69 | 0.006168425 | $98.69 | | |
| 67 | Ndiaye,Glorena Maria | 186 | 0.016627928 | $266.05 | | |
| 68 | Santana,Jacqueline | 115 | 0.010280708 | $164.49 | | |
| 69 | Curry,Dionne | 204 | 0.018237082 | $291.79 | | |
| 70 | Mcintire,Sarah Patricia | 55 | 0.00491686 | $78.67 | | |
| 71 | Gavanditti,Emily Taylor | 96 | 0.008582156 | $137.31 | | |
| 72 | Johns,D'Angelo | 220 | 0.019667441 | $314.68 | | |
| 73 | Johnston,James Edward | 80 | 0.007151797 | $114.43 | | |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 74 | Neimanis,Courtney P. | 192 | 0.017164313 | $274.63 | | |
| 75 | Woodard,Kevona Darsai | 28 | 0.002503129 | $40.05 | | |
| 76 | Baskin,Jessica | 88 | 0.007866977 | $125.87 | | |
| 77 | Rutter,Jessica | 52 | 0.004648668 | $74.38 | | |
| 78 | Richardson,Belinda Y | 5 | 0.000446987 | $7.15 | | |
| 79 | Graham,Maureen Megan | 176 | 0.015733953 | $251.74 | | |
| 80 | O'Veal White,Marion | 24 | 0.002145539 | $34.33 | | |
| 81 | Sigler,Jeremy Curtis | 79 | 0.007062399 | $113.00 | | |
| 82 | Verderico,Paul | 144 | 0.012873234 | $205.97 | | |
| 83 | Battle,Brittany | 50 | 0.004469873 | $71.52 | | |
| 84 | Stevenson,Denisha Rayshan | 62 | 0.005542643 | $88.68 | | |
| 85 | Dean,Sharon | 38 | 0.003397104 | $54.35 | | |
| 86 | Rylance,Sarah Grace | 110 | 0.009833721 | $157.34 | | |
| 87 | Smith,Marissa L. | 266 | 0.023779725 | $380.48 | | |
| 88 | Kliot,Matthew A | 260 | 0.02324334 | $371.89 | | |
| 89 | Peters,Stephanie | 189 | 0.01689612 | $270.34 | | |
| 90 | Pryor JR,Warren Michael | 248 | 0.02217057 | $354.73 | | |
| 91 | Dunn,Lindsay | 191 | 0.017074915 | $273.20 | | |
| 92 | Graham,Colleen Frances | 60 | 0.005363848 | $85.82 | | |
| 93 | Murdock,Brooke Y. | 35 | 0.003128911 | $50.06 | | |
| 94 | Caldwell,Jazmine | 48 | 0.004291078 | $68.66 | | |
| 95 | Brown,Anita L | 102 | 0.009118541 | $145.90 | | |
| 96 | Lau,Brandon A | 35 | 0.003128911 | $50.06 | | |
| 97 | Flannary,Spirit S | 145 | 0.012962632 | $207.40 | | |
| 98 | Cody,Beverly | 60 | 0.005363848 | $85.82 | | |
| 99 | Gibson,Jeffrey L. | 75 | 0.00670481 | $107.28 | | |
| 100 | Clemons,Erma J. | 40 | 0.003575898 | $57.21 | | |
| 101 | Luster,Cory R | 163 | 0.014571786 | $233.15 | | |
| 102 | Higgins,Demario | 55 | 0.00491686 | $78.67 | | |
| 103 | Cain,Heather | 10 | 0.000893975 | $14.30 | | |
| 104 | Johnson,Jasmine | 24 | 0.002145539 | $34.33 | | |
| 105 | Eyer,Julie | 37 | 0.003307706 | $52.92 | | |
| 106 | Iturbides,Mariceli | 126 | 0.01126408 | $180.23 | | |
| 107 | Williams,Larry Michael | 80 | 0.007151797 | $114.43 | | |
| 108 | Axten,Alexis Nicole | 25 | 0.002234937 | $35.76 | | |
| 109 | Huetter,Susan M. | 85 | 0.007598784 | $121.58 | | |
| 110 | Schneider,Jessica | 110 | 0.009833721 | $157.34 | | |
| 111 | Johnson,Raeann Elizabeth | 25 | 0.002234937 | $35.76 | | |
| 112 | Gladon,Brianna Rae | 73 | 0.006526015 | $104.42 | | |
| 113 | Ludy,Oceana | 47 | 0.004201681 | $67.23 | | |
| 114 | Bolden,Samir Ramone | 20 | 0.001787949 | $28.61 | | |
| 115 | Dragus,Tammy Jo | 20 | 0.001787949 | $28.61 | | |
| 116 | Nagale,Allamis M | 55 | 0.00491686 | $78.67 | | |
| 117 | Sermak,Shelby | 91 | 0.008135169 | $130.16 | | |
| 118 | Palmer,Ja'Myren C. | 10 | 0.000893975 | $14.30 | | |
| 119 | Vojack,Lee Evan | 25 | 0.002234937 | $35.76 | | |
| 120 | Brooks,Michelle | 15 | 0.001340962 | $21.46 | | |
| 121 | Person,Dyshanna | 55 | 0.00491686 | $78.67 | | |
| 122 | Simon,Nicholas P | 20 | 0.001787949 | $28.61 | | |
| 123 | Salad,Yasmir | 57 | 0.005095655 | $81.53 | | |
| 124 | Chambliss,Da'Zhane | 37 | 0.003307706 | $52.92 | | |
| 125 | Bridges,Carmella A. | 5 | 0.000446987 | $7.15 | | |
| 126 | Pledger,Ladawna | 35 | 0.003128911 | $50.06 | | |
| 127 | Rothstein,Chelsea A | 35 | 0.003128911 | $50.06 | | |
| 128 | Zielinski,Daniel J. | 35 | 0.003128911 | $50.06 | | |
| 129 | **TOTAL** | **11186** | **1** | **$16,000.00** | | |

# APPENDIX 2

# SETTLEMENT AND RELEASE

This Confidential Settlement and Release Agreement ("Release") is being agreed to as of December ___, 2017, by Virginia Barnes ("Barnes").

1.    <u>Release of Claims</u>.   In exchange for the payment of $5,000, as described in paragraph 2 below, Barnes does hereby forever release and discharge Progressive Casualty Insurance Company, Progressive Northern Insurance Company, Drive Insurance Holdings, Inc., and Progressive RSC, Inc., including all of their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, agents, assigns, directors, officers, employees, representatives, insurers and reinsurers, whether past or present, and each of them  (hereinafter collectively referred to as "Progressive" or the "Released Parties") from any and all claims, demands, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature (including for attorneys' fees, interest and costs), whether known or unknown, up to the date of this Release, which Barnes or her heirs, family members, or personal representatives may now have or may now or hereafter assert against the Released Parties.  This Release includes but is not limited to (a) all claims related in any way to treatment of Barnes by employees of Progressive; (b) any and all claims for unpaid wages, unpaid overtime compensation, or liquidated damages or punitive damages pursuant to the FLSA and/or Ohio Minimum Fair Wage Standards Act; all claims relating to the alleged work during meal or break periods; interest on the previously-described overtime or other unpaid wages; (c) any claim for intentional infliction of emotional distress; (d) all claims of whatsoever nature relating in any way to Barnes's employment, to emotional or other injuries Barnes may claim as a result of her employment at Progressive; (e) all claims asserted by Barnes in the Complaint filed in the case of <u>Barnes v. The Progressive Corporation, et al.,</u> before the United States District Court for the Northern District

of Ohio, Case No. 1:17-cv-00865, including claims for alleged unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; (f) all claims premised upon the Ohio Revised Code, Chapter 4111 (including but not limited to § 4111.03) and Chapter 4112 (including but not limited to §§ 4112.02, 4112.14 and 4112.99); (g) all claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq.; (h) all claims under Title VII of the Civil Rights Act, as amended; (i) all claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; (j) all claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. (including but not limited to claims for retiree medical coverage); (k) all intentional tort claims; and (l) all claims under any other applicable federal, state or local law, ordinance, regulation, or order.

This Release does not prohibit Barnes from filing a charge of discrimination with any governmental agency relating to her former employment, but does preclude her from receiving any monetary or economic benefit as a result of any action the agency may take.

2.    Monetary Payment.  Barnes understands that the $5,000 payment referenced in paragraph 1 will be made within 30 business days of the latest of Barnes's execution of this Release; her return of the executed Release to Progressive's counsel, and her provision of payee information and tax identification numbers to Progressive's counsel.  This payment shall be made in the form of one check to Virginia Barnes in the amount of $5,000, less applicable tax withholding amounts in accordance with Plaintiffs' previously elected wage withholding instructions.  Defendants will report the Monetary Payment on IRS Form W-2.  This check will be delivered to Barnes's counsel.  This payment shall not be considered or credited with respect to any employee benefit plan and/or compensation program established or maintained by Progressive, including but not limited to Progressive's Gainsharing program.

3.      Covenant.  Barnes hereby covenants not to sue (or be a party to any other actions or participate as a member in any class actions against) the Released Parties with respect to any matters described in paragraph 1, above.

4.      No Admission.  Barnes understands and agrees that the payment of the consideration set forth in paragraphs 1 and 2 and the entry into this Release do not constitute an admission by any party of any of the allegations in the Complaint or of any wrongdoing at all. Progressive expressly denies Barnes's allegations and has agreed to this Release and the Joint Stipulation of Settlement and Release solely to avoid the burden of protracted litigation.

5.      Consultation with Professionals.  Barnes understands that she has the option to consider and reflect upon this Release before its signing and has the right to consult with any professionals, such as accountants or lawyers, concerning its terms.  Progressive advises Barnes to consult with an attorney prior to executing this Release.  Barnes acknowledges that she has, in fact, consulted with an attorney prior to executing this Release.

6.      Period for Review and Consideration of Release.  Barnes understands that she has been given a period of 21 days to review and consider this Release before signing it.  Barnes further understands that she may use as much of this 21-day period as she wishes prior to signing.  Barnes agrees that any counter-offers, revisions or amendments made to the terms of this Release prior to signing, whether material or immaterial, do not restart the 21 days to consider this Release.

7.      Right to Revoke Release.  Barnes understands that she may revoke this Release within 7 days of signing it.  Revocation must be made by delivering a written notice of revocation to:

Gregory V. Mersol
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
216-696-0740 (facsimile)
gmersol@bakerlaw.com (email)

For any such revocation to be effective, written notice must be received no later than the close of business on the seventh day after Barnes signs this Release. Barnes understands that if she revokes this Release, it shall not be effective or enforceable and Barnes will not receive any of the compensation or other benefits described in paragraphs 1 and 2 of this Release.

8.      <u>Re-employment</u>.    Barnes agrees that she will not seek re-employment with Progressive or any Progressive payroll entities.    If Barnes does seek employment with Progressive, or any current or future parent corporation, division, partnership, equity investee of Progressive or any Progressive payroll entities, she agrees that the consideration given herein and the facts surrounding her employment at Progressive, this dispute, and its settlement will be a legitimate, non-discriminatory and non-retaliatory business justification for the denial of her application and refusal to hire her.

9.      <u>Binding Effect</u>.  This Release shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, personal representatives, successors and assigns.

10.      <u>Entire Agreement</u>.  This Release constitutes the complete understanding between the Parties and supersedes any and all prior or contemporaneous agreements, promises or inducements, no matter its or their form, concerning its subject matter.    No promises or agreements made subsequent to the execution of this Release by these Parties shall be binding unless reduced to writing and signed by the Parties.

4

11.    <u>Ohio Law</u>.  This Release and the rights and obligations of each of the Parties hereunder shall be governed by, construed and interpreted in accordance with the laws of the State of Ohio.

12.    <u>Neutral Reference</u>.    Barnes agrees to direct all inquiries regarding her former employment with Progressive to Progressive's outside vendor, Barnett Associates, Inc. through the Verify Job System (VJS).  All calls or letters should be forwarded to VJS at 1-800-800-4VJS or by mail to 5725 Oleander Dr., Unit F3, Wilmington, NC 28403.   VJS will provide only verification of dates of employment and salary at termination.  The verifier will need to provide VJS with three pieces of information:  Company Code 711, Social Security Number, and PIN (the last four digits of the employee's social security number plus year of birth).   There is a charge associated with the verification which is paid by the verifier.

I HAVE CAREFULLY READ THIS RELEASE.  I HAVE BEEN GIVEN A REASONABLE AMOUNT OF TIME WITHIN WHICH TO CONSIDER THIS RELEASE.  I HAVE CONSULTED WITH LEGAL COUNSEL REGARDING THIS RELEASE AND UNDERSTAND ITS CONTENTS.  I AM SIGNING IT AS MY FREE, KNOWING, AND VOLUNTARY ACT AND DEED, BEING FULLY AWARE OF ITS FINAL AND BINDING EFFECT.

IN WITNESS WHEREOF, Barnes, intending to be legally bound, has executed this Release on the date listed below.


_____
Virginia Barnes

Dated: _____


Approved As To Form and Agreed
As To Confidentiality


_____
Molly Nephew

# APPENDIX 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VIRGINIA BARNES,<br><br>Plaintiff,<br><br>vs.<br><br>THE PROGRESSIVE CORPORATION; et al.,<br><br>Defendants. | CASE NO. 1:17-CV-00865-PAG<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>**[PROPOSED] ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |

Having come before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice as to Plaintiff's Amended Complaint, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair, adequate and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act;

2. The Court also concludes that as this is a settlement of a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ et seq., it is not subject to the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715.

3. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement;

4. The Court orders that the claims of the following Opt-In Plaintiffs are dismissed (even though they are not receiving settlement payments) because their claims are untimely even

under a 3-year statute of limitations: Rodney Brown, Ebonie Dozier, Sarah Hughes, Tedra Jackson, Rodney Jackson, Vernett Mosby, Leah Pasela, Carolyn Pruett, Catrera Willis;

5.     The above case is hereby DISMISSED WITH PREJUDICE; each party to bear its own attorneys' fees and costs except as otherwise provided by the Settlement.  All pending deadlines are stricken as moot.  The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this _____ day of _____, 2017.


_____
JUDGE PATRICIA A. GAUGHAN