UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Virginia Barnes,** | ) | **CASE NO. 1:17 CV 865** |
| | ) | |
| **individually and on behalf of all similarly** | ) | |
| **situated individuals,** | ) | |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **The Progressive Corporation,** *et al.*, | ) | **Order** |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff's Emergency Motion and Memorandum of Law to Enforce Settlement Agreement and Compel Defendants to Rescind the IRS Form1099-MISC issued to Virginia Barnes for Attorneys' Fees and Costs (Doc. 66). This case arises under the Fair Labor Standards Act. For the reasons that follow, the motion is DENIED.

## ANALYSIS

Plaintiff argues that defendant breached the parties' settlement agreement by issuing plaintiff a 1099-MISC form with respect to the $25,000 payment defendant made to plaintiffs'

1

attorneys in this matter. In response, defendant argues that nothing in the settlement agreement prohibits defendant from issuing a 1099-MISC form directly to plaintiff and, in fact, the tax laws require it to do so. The settlement agreement provides as follows:

> 22. Plaintiffs' Counsel's Attorneys' Fees and Expenses: $25,000 of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses incurred in the Action. Defendants will issue to Plaintiffs' Counsel a Form 1099-MISC with respect to attorneys' fees and expenses.

Plaintiff claims that this language prohibits defendant from issuing the form directly to plaintiff. In the alternative, plaintiff asks that, should the Court determine that defendant must provide a 1099-MISC form to plaintiff with respect to the attorneys' fees, then defendant should be required to provide forms to each plaintiff in the amount of $196.85. This is the amount of attorneys' fees attributable to each opt-in plaintiff. According to plaintiff, it was improper for defendant to attribute the entire amount of attorneys' fees to the named plaintiff only. In response, defendant argues that it did in fact comply with its obligation under the settlement agreement. Defendant claims that it issued a 1099-MISC form directly to plaintiffs' counsel. In addition, however, the law requires that defendant also issue a 1099-MISC form to plaintiff with respect to the fees. Defendant notes that this is simply a reporting requirement and does not establish tax liability for the plaintiff. Defendant further claims that plaintiff will not, in fact, have to pay taxes on this amount. In addition, defendant points out that it receives no benefit by reporting to the IRS the payment of attorneys' fees.

Upon review, the Court finds that the motion must be denied because plaintiff cannot point to any breach on the part of defendant. As an initial matter, the Court notes that plaintiff does not dispute that an enforceable agreement exists. As such, the Court will interpret the terms of that agreement in order to determine whether the issuance of a 1099-MISC form to plaintiff

amounts to a breach.  The Court finds that it does not. The attorneys' fees provision requires defendant to issue a 1099-MISC form to plaintiffs' counsel.  There is no dispute that defendant has done so.  On the other hand, the provision in no way prohibits defendant from *also* issuing a 1099-MISC form to plaintiff.  Therefore, the Court finds that defendant's actions do not amount to a breach of the settlement agreement.  This conclusion is reinforced by the fact that it appears that the IRS regulations cited by defendant require that it issue a 1099-MISC form to both plaintiff and counsel.

Plaintiff asks that, in the alternative, the Court order defendant to rescind the 1099-MISC form issued to plaintiff and reissue separate 1099-MISC forms to each opt-in plaintiff.   This will have the effect of significantly reducing the amount reported on the 1099-MISC form issued to the named plaintiff.  Whether the IRS regulations would support this approach is far from clear.  The Court declines to opine on this issue for the simple reason that plaintiff can point to no provision in the settlement agreement that defendant breached by issuing one 1099-MISC form to plaintiff.  The motion before this Court is simply whether defendant's actions breached the parties' agreement.  The Court finds that they do not.  For this reason, any attorneys' fees incurred in filing this motion are not warranted.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to enforce is DENIED.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Dated:  3/20/18			Chief Judge